I «CANNELLA Judge.
Plaintiff, Shawn Maher, appeals from a series of trial court rulings that resulted in his case against defendant, Magic Tilt Trailer Company, Inc. (Magic Tilt), and XYZ Insurance Company, being dismissed with prejudice. For the reasons which follow, we affirm.
Plaintiff was allegedly injured in an accident that occurred on May 5, 1995. Suit was filed by plaintiff against Magic Tilt on July 21, 1995. In the petition plaintiff alleged that he, employed and working for Edgewater Sales Company, Inc., during the course of his employment, sat on the “tongue” portion of a boat trailer. While seated on the trailer for less than one minute, the “tongue jack” on the boat trailer collapsed, causing the combined weight of the trailer, the boat on the trailer and plaintiff, to fall on plaintiffs left leg, caus *39 ing serious injury. It was further alleged that Magic Tilt was the manufacturer of the defective boat trailer that was involved in plaintiffs accident.
|3On September 22, 1995, Magic Trailer answered the petition.
Nothing further happened in the case for almost one year. Then, on July 26, 1996, Louisiana Worker’s Compensation Corporation (LWCC), plaintiffs employer’s worker’s compensation insurer filed an intervention. LWCC alleged that as a result of the accident it had paid worker’s compensation benefits and medical expenses to plaintiff. By virtue of these payments LWCC is subrogated to the rights of the plaintiff to the extent of the amount of the payment to plaintiff. On August 7, 1996, Magic Tilt answered the intervention.
The case was again static for more than a year, until March 27, 1998, when Magic Tilt filed a motion to set for trial on the merits. In the memorandum filed in support of the motion, Magic Tilt stated that plaintiff had been considering discharging or has discharged his counsel of record and as a result Magic Tilt was unable to undertake the necessary discovery to prepare its defense. Thus, the motion to set for trial was filed for the purpose of obtaining discovery deadlines,. and a status conference on the case.
In response to Magic Tilt’s motion, a Pre-Trial Order was issued by the trial court setting a discovery deadline of April 15, 1998, a pre-trial conference on May 21, 1998 and a trial on June 15,1998.
There is no record of what, if anything, occurred on May 21, 1998 at the pre-trial conference. The record indicates that the next filing occurred on the morning set for trial, June 15, 1998. On that date, plaintiff filed a Motion To Dismiss With Prejudice which provided as follows:"
NOW INTO COURT, through undersigned counsel and personally, appears plaintiff, Shawn Maher, who moves this Court for an order of dismissal dismissing Magic Tilt Trailers, Inc., with prejudice, said dismissal to be effective 30 days from the 15 th day of June, 1998, without any further action by Magic Tilt |/Trailers, Inc., unless plaintiff notifies this Court within the 30-day period of the name, address and telephone number of counsel who has agreed to represent plaintiff in this matter, along with said counsel’s acknowledgment of his representation of plaintiff. Dismissal is with prejudice, each party to bear their own costs.

ORDER

Considering the foregoing;
IT IS ORDERED that plaintiffs Motion to Dismiss with Prejudice be and hereby is granted, said dismissal to be effective 30 days from the 15 th day of June, 1998, without any further action by any defendant, unless plaintiff notifies this Court within the 30-day period of the name, address and telephone number of counsel who has agreed to represent plaintiff in this matter, along with said counsel’s acknowledgment of his representation of plaintiff. Dismissal is with prejudice, each party to bear their own costs.
The pleading is signed by the trial judge, by plaintiff and by plaintiffs counsel. There is also a handwritten notation on the motion stating that “Intervenor, LWCC, objects to the foregoing motion.”
Thirty days following the motion to dismiss, July 15, 1998, plaintiff had not notified the trial court of the name, address and telephone number of counsel who had agreed to represent him. Two days later, on July 17, 1998, although unnecessary under the Motion to Dismiss With Prejudice, Magic Tilt filed a pleading entitled “Ex-Parte Motion to Confirm Motion to Dismiss with Prejudice.” This pleading was served on plaintiff. Thereafter, on July 20, 1998, plaintiff filed a motion to enroll counsel of record. Magic Tilt’s motion to confirm the motion to dismiss was *40 signed by the court on July 27, 1998 and plaintiffs motion to enroll counsel was signed on July 29, 1998.
On August 14, 1998, plaintiff filed a Motion for New Trial and an Ex parte [sic] Motion To Recall and Vacate Motion to Dismiss. The trial court | Rsigned the motion to recall the motion to dismiss and set the motion for new trial for hearing. Following a hearing on September 9,1998, the court made the following rulings: (1) plaintiffs motion for new trial was denied; (2) the order granting the ex parte motion to vacate the judgment of dismissal was vacated; (3) the order granting Magic Tilt’s ex parte motion to confirm the motion to dismiss with prejudice was reinstated; and (4) plaintiffs suit for damages was dismissed with prejudice. It is from this judgment that plaintiff appeals.
On appeal plaintiff argues that the trial court abused its discretion in imposing the sanction of dismissal of his suit for his failure to comply with discovery orders. He cites cases supporting his argument that for such an extreme sanction to be imposed, it must be shown that the noncompliance was willful, in bad faith and the fault of the party as opposed to the party’s counsel.
Magic Tilt points out that, while plaintiffs law may be valid as relates to sanctions for discovery violations, it is not the posture of this ease at the time of the dismissal. The case had been filed almost three years prior to Magic Tilt’s motion to set for trial. Magic Tilt complained to the trial court that it could not move forward with discovery because plaintiff was uncertain about whether he wanted his counsel of record to continue to represent him. The trial court set discovery cutoffs, a pretrial conference and a trial date. By the morning of trial, plaintiff had still not obtained counsel. So, on June 15, 1995, plaintiff filed a “Motion to Dismiss With Prejudice.” It was signed by plaintiff personally, his present counsel and the trial judge. As quoted above, the motion provided for dismissal of the case with prejudice, with no further action necessary by Magic Tilt unless, within 30 days of the signing of the motion (June 15, 1998) plaintiff notified the trial court of the name, address and telephone number of counsel who | (;had agreed to represent him. Plaintiff did not so notify the court within the 30 day period. By plaintiffs own motion, the case was voluntarily dismissed with prejudice at that time.
The voluntary motion to dismiss with prejudice, signed by the trial court, was a final judgment, putting an end to plaintiffs suit against Magic Tilt. The substance of that judgment could not be amended. La. C.C.P. art. 1951. Plaintiffs only recourse, once the judgment of dismissal became effective, was to file a motion for new trial. No such motion was timely filed. Therefore, the pleadings filed after that point, in an attempt to upset that ruling, were of no effect.
Now, plaintiff seeks to escape the effects of his own voluntary agreement by pointing out that he only missed his self imposed deadline by 5 days. We find no merit to this argument.
Moreover, even if we considered the dismissal, as plaintiff argues, as a trial court imposed sanction rather than the voluntarily entered motion to dismiss that it was, we find no abuse in the trial court’s discretion. The case was filed in July of 1995. Magic Tilt could not move forward with discovery because plaintiff refused to commit to an attorney. They applied to the trial court for assistance through a motion to set for trial. The court set a discovery deadline, a pre-trial conference date and set a date for trial. All these deadlines passed without plaintiff retaining counsel with whom he was satisfied. Thus, on the morning of trial, plaintiff entered a motion to dismiss with prejudice, allowing himself yet another 30 days to retain counsel to move forward with his case. The 30 days passed and plaintiff had still not notified the trial court of his counsel. Thereupon, Magic Tilt moved to con *41 firm the dismissal and served plaintiff with |7the pleading. Following that, plaintiff enrolled new counsel of record. Plaintiff does not dispute that new counsel was enrolled 5 days after his 30 day grace period had lapsed. Under these circumstances, we find no error in the trial court’s decision to sign Magic Tilt’s motion to confirm the dismissal with prejudice. While we recognize that dismissal is a harsh sanction, it was consented to by plaintiff and the trial court has no other remedy when a party continues to delay.
Accordingly, for the reasons set out above, we affirm the trial court judgment dismissing plaintiffs case against Magic Tilt with prejudice.[1] Costs of appeal are assessed against plaintiff.
AFFIRMED.

. We note that the issue of the effect of this dismissal on the claims of the Intervenor, LWCC, is not before us in this appeal and nothing in this appeal should be construed to effect that issue.