WINDHORST, J.
This matter involves an appeal from a judgment compelling production of settlement funds by appellants, after the case had been dismissed with prejudice. We vacate the trial court's judgment compelling production of settlement funds. This case has previously been dismissed with prejudice.
Background
On March 18, 2011, Bahram Zamanian, M.D., and Bahram Zamanian, M.D., A Professional Medical Corporation (plaintiffs/appellees) (collectively "Dr. Zamanian") filed suit against Ochsner Medical Center, Kenner L.L.C., James T. Tebbe, M.D., and Paolo Zambito (defendants/appellants) for damages allegedly caused by the termination of Dr. Zamanian's medical staff privileges at Ochsner Medical Center in Kenner, Louisiana. Dr. Zamanian asserted causes of action under the Sherman Act, 15 U.S.C. § 1 and the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405. On October 10, 2011, defendants answered plaintiffs' petition. Thereafter, there was very little progress with the lawsuit.
In 2014, the parties participated in settlement negotiations. By email dated August 4, 2014, Dr. Zamanian's counsel accepted defendants' offer to settle for $20,000. Defense counsel, by letter dated September 4, 2014, informed Dr. Zamanian's counsel that a Medicare lien search would delay the settlement, and sent a Confidential Receipt, Release, Hold Harmless and Indemnity Agreement and a Motion for Voluntary Dismissal. In this letter, defense counsel stated the following: "[a]s we await the lien search process, we ask that your client review and execute the two (2) attached settlement documents.
*708 Please note, upon delivery of the settlement funds to your client, we will file the executed Motion for Voluntary Dismissal releasing all defendants with prejudice." Defense counsel also asked that Dr. Zamanian's counsel provide defendants "with either the signed documents or your comments no later than Friday, September 12, 2014."
In a January 26, 2015 letter to Dr. Zamanian's counsel, defense counsel stated as follows:
Since your client accepted our offer of settlement in August of last year, we have been trying to have your client resolve the issue on the "Medicare Lien" for his settlement.
Our firm has provided you with all of the information necessary for your client to make the necessary contacts with Medicare to remove the lien so that we can finalize the settlement. To date, you have failed to provide the information for the resolution of the Medicare Lien. More disturbing is that you will not return my repeated phone calls to your office.
Based on your client's apparent lack of interest, I would ask that your client sign the enclosed Voluntary Dismissal and return to me by February 5, 2015 for immediate filing with the court.
If I do not receive the signed Voluntary Dismissal, I will forward the enclosed letter on February 6, 2015 to the Court asking for a status conference to request the courts assistance [sic] in bringing this matter to a close.
At this time, the parties were awaiting clearance from the Centers for Medicare and Medicaid Services that Dr. Zamanian did not have sums due for treatment of mental anguish. After receiving this letter, Dr. Zamanian's counsel signed the motion for voluntarily dismissal and sent it to defense counsel. Defense counsel filed the motion for voluntary dismissal, and the trial court signed an order dismissing the case with prejudice on February 24, 2015.
On March 28, 2017, Dr. Zamanian filed a motion to vacate judgment and to compel production of settlement funds. By judgment dated June 14, 2017, the trial court denied the motion to vacate judgment and granted the motion to compel production of settlement funds. This appeal followed.
Assignments of Error
Appellants/defendants assert as assignments of error that the trial court erred in granting appellees/plaintiffs' motion to compel production of settlement funds and in finding an enforceable settlement agreement between the parties.
Law and Analysis
Appellants first assert that the judgment ordering them to produce settlements funds is void because at the time of rendering, the trial court did not have jurisdiction over this case as it had been dismissed with prejudice. La. C.C.P. art. 1673 provides that "[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial." A voluntary motion to dismiss with prejudice signed by the trial court is a final judgment and puts an end to a plaintiff's suit. Maher v. Magic Tilt Trailer Co., 98-1151 (La. App. 5th Cir. 3/10/99), 735 So.2d 38. The only recourse after a dismissal with prejudice becomes effective is a motion for new trial. Id. Here, no motion for new trial was filed. Consequently, the pleadings filed after the judgment of dismissal with prejudice to upset that ruling had no effect.
Appellants also assert that the trial court erred in enforcing a nonexistent settlement agreement. Appellants assert no agreement exists because appellees never finalized the settlement by signing the agreement and the only evidence of any *709 settlement is correspondence between counsel.
"A contract is formed by the consent of the parties established through offer and acceptance." La. C.C. art. 1927. "An acceptance not in accordance with the terms of the offer is deemed to be a counteroffer." La. C.C. art. 1943. A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. DeSoto v. DeSoto, 96-1079 (La. App. 5 Cir. 4/29/97), 694 So.2d 1043.
A settlement contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form. La. C.C. art. 3071 ; DeSoto, 694 So.2d 1043. "The requirement that the agreement be reduced to writing necessarily implies that the agreement be evidenced by documentation signed by both parties. Felder v. Georgia Pac. Corp., 405 So.2d 521 (La. 1981). It does not mean, however, that the agreement must be contained in one document: "[i]t would suffice that there be a written offer signed by the offerer [sic] and a written acceptance signed by the acceptor, even if the offer and the acceptance are contained in separate writings." Id. at 523-524.
In this case, the correspondence appellees rely on to establish the settlement does not contain Dr. Zamanian's signature, and no evidence was submitted to establish that plaintiffs expressly authorized their attorney to settle their claims. Until the parties signed a written document or documents demonstrating their consent to the terms of the settlement agreement, either party was free to change his mind. Considering there is no documentation showing the parties' express agreement or finalization of a settlement agreement, the record does not support the trial court's judgment compelling execution of a settlement. We therefore vacate the trial court's judgment granting appellees' motion to compel production of settlement funds.
Conclusion
For the reasons discussed above, we vacate the trial court's judgment compelling production of settlement funds from defendants. Once the judgment of dismissal with prejudice became final, this case was terminated. This case has previously been dismissed with prejudice.
JUDGMENT VACATED